UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

      Case No. 17-cr-20740
      Hon. Gershwin A. Drain

**(D-10) ROMALE GIBSON,**

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND [#271]

### I. INTRODUCTION

On August 8, 2018, Defendant Romale Gibson was charged in a Third Superseding Indictment with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), alleging that Defendant and his co-conspirators are members in a street gang engaged in criminal activities, including narcotics trafficking, robbery and extortion.

Presently before the Court is Defendant's Motion for Bond, filed on July 16, 2018. The Government filed a Response in Opposition on July 31, 2018. A hearing was held on September 21, 2018. For the reasons that follow, the Court will deny Defendant's Motion for Bond.

## II. FACTUAL BACKGROUND

The Court has set forth the facts giving rise to the instant matter in several prior orders. Accordingly, the Court will briefly describe the pertinent facts. The instant action stems from a multi-year investigation of the Smokecamp street gang. Smokecamp's main source of revenue is the sale of narcotics, including cocaine, cocaine base, heroin, marijuana, ecstasy, and various prescription medications.

Smokecamp has taken control of the neighborhood near Seven Mile and Albion Roads on the east side of Detroit, which members refer to as "ABlock." Smokecamp/OPB members sell narcotics in this neighborhood, as well as have travel to other states to sell controlled substances. Smokecamp members protect their ABlock "territory" by using intimidation and violence, including assaults and robberies, both with dangerous weapons, thereby perpetuating a climate of fear in the ABlock neighborhood. Smokecamp regularly use social media websites such as Instagram, Twitter, Facebook and YouTube to highlight their affiliation with the gang, as well as to boast about their criminal activities.

Defendant is twenty-four years old and a lifelong resident of Detroit. He is a graduate of Lincoln High School. Defendant has been unemployed for the last two years due to being the care provider for his infant daughter, who was born with a serious brain injury. Defendant's daughter requires 24-hour care from medical providers. Defendant has no apparent adult criminal convictions; however he has

been convicted of a CCW offense when he was a minor under the Holmes Youthful Trainee Act. Moreover, he was detained in Kentucky when the instant action pursuant to charges involving heroin trafficking.

Similar to other members of Smokecamp, Defendant posts on social media showing guns and drugs, as well as indicating his willingness to use violence. For instance, on April 18, 2014, Defendant posted a photograph where he holds an AK-style rifle, with the caption "War ready #Opb #246." On December 29, 2014, Defendant posted a photograph where he is holding a pistol with an extended magazine. On January 13, 2015, he posted a photograph of himself holding an Uzi-like weapon. On January 24, 2016, Defendant posted a photograph of himself holding an assault style rifle. The words "Smoke Camp Santana" are displayed above his head. On May 7, 2016, Defendant posted a photograph holding a pistol with a high-capacity magazine.

On June 5, 2016, Defendant posted a photograph showing him possessing suspected marijuana and U.S. currency. On August 4, 2016, Defendant posted a photograph where he is holding a pistol with an automatic extended magazine in one hand and a large amount of U.S. currency in the other, with the caption "XD Knock Yo Head Off#categloryboyz#Santana." In August of 2016, Defendant posted pictures of himself along with fellow Smokecamp members with intimidating captions suggesting Smokecamp's willingness to engage in violent

acts. Also, in August of 2016, Defendant continued to post pictures of himself in possession of narcotics and large amounts of money.

In November of 2017, Defendant was indicted for his role in RICO conspiracy, along with twelve other Smokecamp members. The Third Superseding Indictment charges Defendant with several overt acts including communicating on social media that Smokecamp is involved in bringing narcotics from Detroit to Kentucky, exchanging gunfire with another street gang and selling heroin in Kentucky in April of last year.

When the Indictment was filed in November, Defendant was detained in Kentucky stemming from his arrest for narcotics trafficking. He was transferred to this district and consented to detention.

## III. LAW & ANALYSIS

### A. The Bail Reform Act

Title 18 U.S.C. § 3145(b) allows the district judge to review an order detaining a defendant. It is a *de novo* hearing. *U.S. v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Generally, in order for a defendant to be detained, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the

community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions which will reasonably assure the appearance of the person and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

### B. Nature and Circumstances of the Charged Offense

Defendant is named in a twenty-six count Third Superseding Indictment charging an extensive racketeering conspiracy. This conspiracy is alleged to have committed overt acts, including some perpetrated by Defendant in particular, of assault, narcotics trafficking, extortion, money laundering and armed robbery. In essence, the Superseding Indictment describes a sophisticated organization that has terrorized the Seven Mile and Albion Roads neighborhood on the east side of the city for roughly a decade. The full extent of the alleged conspiracy is unquestionably serious.

The offense for which Defendant is charged exposes him to a sentence of up to twenty years in prison. This factor weighs in favor of detention.

**C.     The Weight of the Evidence**

The second factor the Court must consider is the weight of the evidence against Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

Here, Defendant's counsel claims he has no knowledge that suggests Defendant is a danger to the community. Yet, Defendant has brazenly posted on social media his involvement with drug dealing, as well as his current pending charges for heroin trafficking in Kentucky. "Congress has determined 'that drug offenders pose a special risk of flight and dangerousness to society.'" *United States v. Gray*, 20 F. App'x 473, 475 (6th Cir. 2001) (quoting *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989)). The Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Stone*, 608 F.3d at 947 n.6. Defendant is not a run-of-the-mill drug dealer; he is alleged to be part of a street gang that uses intimidation and violence to control its drug dealing territory.

Additionally, even though Defendant has been convicted for CCW, he continues to possess dangerous firearms evidenced by his social media postings. The Detroit Police encountered Defendant in possession of a gun in August of 2016 during an incident where Defendant exchanged gun fire with rival gang members. This factor weighs in favor of detention.

**D.**     **History and Characteristics of the Defendant**

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Defendant has lived in Detroit his entire life. He has one infant child, who was born with a traumatic brain injury. He admits that he has not worked in over two years; however he does not explain any work history prior to this. Defendant claims that his current unemployment status is due to being his daughter's

7

caregiver. However, he was notably in Kentucky in the spring of this year allegedly peddling heroin. At the time of his Kentucky arrest, he was on probation. Defendant, like many of his fellow gang members, proudly boasts his Smokecamp membership by posting photographs showing him in the possession of drugs, guns and large amounts of money.

Based on the totality of the record before this Court, Defendant's history and characteristics suggest that he is a dangerous person who should not be released pending trial.

### E. The Nature and Seriousness of the Danger Posed by Defendant's Release

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4). For all of the reasons explained above, this factor weighs heavily in favor of a finding that Defendant poses a danger and should be detained.

The Court finds, by clear and convincing evidence, that there is no condition or set of conditions of release that can adequately protect the community from the danger posed by Defendant. The Court concludes that all of the factors set forth in § 3142(g) weigh heavily in favor of detention.

## IV. CONCLUSION

For the reasons articulated above, Defendant's Motion for Bond [#271] is DENIED.

SO ORDERED.

Dated: September 21, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 21, 2018, by electronic and/or ordinary mail.
/s/ Julie Owens
Deputy Clerk